UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EARL H. BOND, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>ARROWHEAD REGIONAL MEDICAL CENTER, et al.,<br><br>    Defendants. | No. ED CV 11-2049-DDP (PLA)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On November 18, 2014, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that defendants' motion for summary judgment be granted in part and denied in part. Thereafter, on December 2, 2014, defendants filed Objections to the Magistrate Judge's Recommendation ("Objections" or "Obj."), and on December 19, 2014, plaintiff filed his Opposition to the Objections.

## DISCUSSION

Defendants are incorrect in their assertion that plaintiff must provide "competent medical evidence" of "specific treatment that was available" at the time that they failed to treat plaintiff's broken ribs. (Obj. at 4). Plaintiff's claim does not arise from a difference of medical opinion, such

as in Toguchi, where the Ninth Circuit rejected a claim of deliberate indifference arising from a doctor's choice of one medication over another. See 391 F.3d at 1058. Here, the undisputed facts do not support that defendants Florin and Miller decided on one of several medically acceptable courses of treatment available at the time that they treated plaintiff. Drawing all inferences from the underlying material facts in the light most favorable to plaintiff as the nonmoving party, plaintiff has adduced evidence that he complained of severe chest pain when breathing from the time of his assault on November 17, 2010, until December 2, 2010. When he was finally referred to a doctor at WVDC who ordered chest x-rays, the x-rays revealed that plaintiff was suffering from four fractured ribs. Accordingly, the "the undisputed medical evidence reflects that plaintiff was diagnosed approximately two weeks after Florin's examination and Miller's initial examination with 'left small pneumothorax' and four fractured ribs." (See R&R at 21). Although defendants have adduced evidence that Florin ordered "pain medication for [plaintiff's] pain," they also contend that Florin "did not note any complaints of pain" in connection with plaintiff's chest or ribs, or any difficulty breathing. (See Doc. No. 111-1 at 4-6). Defendants' evidence, therefore, does not support a reasonable inference that Florin made a medical decision concerning a specific treatment for pain that defendants deny that plaintiff was experiencing. Further, defendants do not even purport to cite to any "expert medical foundation" to support their assertion that the "prescribed pain medication in this case, namely 600 mg of Motrin" was a medically acceptable treatment for plaintiff's complaints of severe chest pain when breathing, or that the Motrin was the "beginning of a progressively stronger regimen of pain medication that would be reasonably provided to manage pain for a complaint of pain due to broken ribs." (Obj. at 1, 5-6). Nor can their purportedly "uncontroverted material fact" that "Florin referred [plaintiff's] medical records to Dr. Lux for review prior to discharge from the hospital" (Obj. at 6-7), provide evidence of adequate care when defendants also contend that "Florin never consulted with Dr. Lux for the treatment" of plaintiff and that "Dr. Lux, [sic] simply electronically signed Florin's documented report of the examination three days later" (Doc. No. 111-1 at 7).

Defendants cannot create "material uncontroverted facts" by ignoring plaintiff's version of the treatment that he received and misquoting plaintiff's earlier written account of the same. (See Obj. at 6-7 (citing "Doc. 118 at 56," but the excepts quoted appear to come from Doc. No. 118 at 60 ("'he then asked me to take deep breaths while he checked my respiratory system' and then concluded 'nothing was wrong'")). The complete quotation from plaintiff's May 2011 claim to the Board of Supervisors that he attached to his Opposition herein states: "I was seen by a Dr. Hoe [sic], I told him I was in severe pain and having a hard time breathing at this time. He then asked me to take deep breaths while he checked my respitory [sic] system; I told him I was having trouble taking deep breaths at this time. He then became angry with me and told me there was nothing wrong with my chest or lungs." (See Doc No. 118 at 60).

Moreover, defendants are incorrect that the Magistrate Judge "concluded" that defendants were "deliberately indifferent" for failing to treat plaintiff. (Obj. at 1-4, 11). Rather, the R&R finds that "a rational juror could find that sufficient evidence exists" to decide that "defendants Florin and Miller acted with deliberate indifference by ignoring the obvious risk of leaving untreated four fractured ribs that caused plaintiff severe pain over a prolonged period of time." (R&R at 22). Accordingly, after full consideration of the arguments and allegations in defendants' Objections, the Court concludes as follows:

## CONCLUSION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, defendants' Motion for Summary Judgment, the other records on file herein, the magistrate judge's report and recommendation, defendants' objections to the report and recommendation, and plaintiff's opposition thereto. The Court has engaged in a de novo review of those portions of the report and recommendation to which objections have been made. The Court accepts the recommendations of the magistrate judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.

2. Defendants' Motion for Summary Judgemnt is granted with respect to the claims against defendants Lux, ARMC, and WVDC.

3. Defendants' Motion for Summary Judgment is denied with repect to plaintiff's claims against defendants Miller and Florin.

4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: February 5, 2015

_____
HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE